IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KEVIN MICHAEL JONES, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, Acting Commissioner of )<br>Social Security, )<br>)<br>*Defendant*. ) | Civil Action No. 1:23-cv-1033 (PTG/JFA) |

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on the November 13, 2023 Proposed Findings of Fact and Recommendations ("R&R") from Magistrate Judge John F. Anderson regarding Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (Dkt. 34). Dkt. 48. Judge Anderson advised the parties that objections to the R&R must be filed within fourteen days of service, or by November 27, 2023, and failure to object waives appellate review. *Id.* at 11.

When reviewing a magistrate judge's R&R, the Court must make a *de novo* determination of those portions of the R&R to which objections, if any, are made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court is authorized to accept, reject, or modify, in whole or in part, the recommendations made by the magistrate judge. *Id.* "[O]bjections must be specific and particularized . . . to direct the attention of the district court to 'only those issues that remain in dispute after the magistrate judge has made findings and recommendations.'" *United States v. Kotzev*, No. 1:18-cv-1409, 2020 WL 1217153, at *3 (E.D. Va. Mar. 11, 2020) (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007)).

On November 30, 2020, Plaintiff filed untimely objections. Dkt. 51. On December 4, 2023, Plaintiff filed amended untimely objections, *see* Dkt. 56, which the government opposed, *see* Dkt. 62. Plaintiff timely filed a Reply. Dkt. 67. In light of the more lenient standards applied to *pro se* litigants, the Court considers his objections, despite their untimely submission.

Plaintiff's objections and amended objections consist of three pages each, which are nearly identical to one another. Dkts. 51, 56. Even construing the objections as broadly and favorably to Plaintiff as possible, the only argument Plaintiff appears to raise is that he "[h]as [y]et to [b]e [p]rovided an [o]pportunity to [b]e [h]eard[.]" Dkt. 56 at 1. Specifically, Plaintiff argues that, on review of a final determination of the Secretary of the Department of Health and Human Services ("Secretary") regarding a disability, the district court must ascertain whether the plaintiff was provided with a full or fair opportunity to present his claim. *Id.* at 2. He does not further explain the ways in which he was not provided with a full or fair opportunity to present his claims or, more importantly, direct the Court to his specific grievance in the R&R. After arguing that Defendant engaged in *ex parte* hearings at some unknown point, Plaintiff requests a hearing "on [u]nconstitutional [c]onduct." *Id.* at 3.

Before determining whether a claimant was provided with a fair opportunity to present his claim, a court must determine whether it has subject matter jurisdiction because "a federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citing Fed. R. Civ. P. 12(h)(3) (providing that the court may dismiss for lack of subject matter jurisdiction at "any time")). "The plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). Of particular importance to this matter, "Article III of the Constitution

requires a litigant to possess standing . . . for a lawsuit to proceed in federal court." *Ali v. Hogan*, 26 F.4th 587, 595 (4th Cir. 2022).

Here, the R&R properly considered whether Plaintiff sufficiently alleged that he had standing to pursue these claims and that such claims were still ripe before addressing the merits of Plaintiff's claims. *See* Dkt. 48 at 6–9. Finding that Plaintiff lacked standing to challenge the Administrative Law Judge's favorable decision and that Plaintiff's claim as to the suspension of benefits pending payment to a representative payee was moot, the R&R correctly concluded that the Complaint must be dismissed for lack of subject matter jurisdiction. *See id.* at 9. Without subject matter jurisdiction, the magistrate judge could not consider whether Plaintiff was provided with a full or fair opportunity to present his claim before the Secretary, assuming Plaintiff timely raised such an argument before the R&R was issued—which he did not.[1]

The Court has reviewed the R&R, the parties' submissions, and the record herein. After reviewing the record and the objections to the R&R, and having made *de novo* determinations with respect thereto, the Court hereby **OVERRULES** Plaintiff's Objections (Dkt. 51) and Amended Objections (Dkt. 56) and **APPROVES** and **ADOPTS IN FULL** the findings Judge Anderson set forth in the R&R (Dkt. 48).

Since Judge Anderson issued the R&R, Plaintiff has filed multiple motions, many of which request leave to file an amended Opposition brief to Defendant's Motion to Dismiss (Dkt. 34). *See* Dkts. 53, 54, 58, 60.[2] The government opposed these motions. *See* Dkt. 63. Because the adoption

---

[1] Plaintiff's Opposition to Defendant's Motion to Dismiss made no mention of any argument concerning Plaintiff not being provided an opportunity to be heard or that Defendant had engaged in *ex parte* proceedings, at any point in the process. *See* Dkt. 44.

[2] The motions are titled as follows: (1) Motion for Leave to Amend and Join, *see* Dkt. 53 at 1–2 ("Plaintiff [m]oves to [a]mend [h]is [o]pposition to Defendant's Motion to Dismiss[.]"); (2) Motion to Amend and Join Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss, *see* Dkt. 54 at 1 ("Plaintiff [r]equests [t]hat [t]his [a]mended [p]leading . . . [b]e [d]eem[ed]

3

of Judge Anderson's R&R disposes of Defendant's Motion to Dismiss (Dkt. 34), Plaintiff's motions requesting leave to file an amended Opposition brief will be denied as moot.

Finally, Plaintiff has filed a Motion to File an Amended Complaint (Dkt. 64), which the government has opposed (Dkt. 68). Plaintiff timely filed a Reply. Dkt. 69.[3] Where an amendment does not cure a complaint's deficiencies, a court may find that such amendment is futile and deny a motion to amend. *See, e.g., Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (affirming dismissal with prejudice where "amendment would be futile in light of the fundamental deficiencies in [P]laintiffs' theory"). Here, as the government correctly points out, Plaintiff's Motion does not provide a basis for the Court to assert subject matter jurisdiction over his claim challenging the Administrative Law Judge's previous decision or to consider his claim as to the suspension of benefits, which is moot. Thus, the Court finds that further amendment of the Complaint would be futile because Plaintiff's arguments could not cure the deficiencies with his Complaint. Thus, Plaintiff's Motion to File an Amended Complaint will be denied.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 34) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Second Amended Complaint is **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(1) without prejudice; and it is further

**ORDERED** that Plaintiff's Motion to File an Amended Complaint (Dkt. 64) is **DENIED**; and it is further

---

[f]iled . . . in [o]pposition to Defendant's Motion to Dismiss[.]"); (3) Motion for Leave to Amend and Join, *see* Dkt. 58 at 1–2 ("Plaintiff [m]oves to [a]mend [h]is [o]pposition to Defendant's Motion to Dismiss[.]"); and (4) Motion to Amend and Join Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss, *see* Dkt. 60 at 1 ("Plaintiff [r]equests [t]hat [t]his [a]mended [p]leading . . . [b]e [d]eem[ed] [f]iled . . . in [o]pposition to Defendant's Motion to Dismiss[.]").

[3] Although the document is entitled, "Complaint for Judicial Review of a Social Security Determination[,]" the exhibit clarifies that Plaintiff intended to file a Reply. *See* Dkts. 69, 69-1.

4

**ORDERED** that Plaintiff's Motion for Judicial Notice of Adjudicative Facts (Dkt. 30), Motions for a Hearing (Dkts. 31, 45), Objection to the Court's Previous Order (Dkt. 33), Motions for Leave to Amend and Join (Dkts. 53, 58), and Motions to Amend and Join Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss (Dkts. 54, 60) are **DENIED** as **MOOT**.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of the Court within sixty (60) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff, who is proceeding *pro se*, and to close this civil action.

/s/
Patricia Tolliver Giles
United States District Judge

Entered this 5th day of January, 2024.
Alexandria, Virginia